SELBY H. KURFISS, Respondent, v. DAVID E. MAR-
TIN, Appellant.

**Kansas City Court of Appeals, May 4, 1908.**

1. **CONTRACT: Architect: New Contract: Instruction.** Where a
   contract between an architect and a property-owner has been
   abandoned on account of the cost of the proposed building and
   another contract entered upon for a different building, an in-
   struction directing a verdict for the defendant if the first con-
   tract was abandoned, is properly refused.

2. ———: ———: ———: ———: **Performance.** In an action by
   an architect against a property-owner to recover services for
   plans and specifications for a building, an instruction "that if
   the architect at the request of the property-owner performed
   services in preparing the plans, etc., he was entitled to recover
   their reasonable value, not to exceed, etc.," is error, since it ap-
   peared that the agreed contract for specified consideration was
   abandoned because of the architect's inability to perform.

3. ———: ———: ———: ———. An instruction submitting the
   question whether after the abandonment of the original con-
   tract the parties entered into a new agreement in regard to
   plans for a different building for a different consideration and
   permitting a finding for that amount, is approved.

4. ———: ———: ———: **Quantum Meruit: Performance.** A
   party who has failed to comply with his contract cannot recover
   on *quantum meruit* for the services rendered under the con-
   tract.

Appeal from Jackson Circuit Court.—*Hon. James E.
Goodrich,* Judge.

REVERSED AND REMANDED.

*Reed, Yates, Mastin & Harvey,* for appellant, sub-
mitted argument.

*Wm. H. Clawson* for respondent.

(1)   This instruction was very properly refused be-
cause it singled out one particular fact in the case and
gave prominence to it and ignored and obscured all
other facts in the case, and instructed the jury that if

such fact were established they should render their verdict for defendant, regardless of all other facts. State v. Holmes, 17 Mo. 379; Chappell v. Allen, 38 Mo. 213; Rose v. Spies, 44 Mo. 91; Meyer v. Railroad, 45 Mo. 137; Koenig v. Life Assn., 3 Mo. App. 596; Kendig v. Railroad, 79 Mo. 207; Shaffner v. Leahy, 21 Mo. App. 110; Judd v. Railroad, 23 Mo. App. 56; McClure v. Ritchney, 30 Mo. App. 445; Ackley v. Railroad, 30 Mo. App. 657; Copp v. Hardy, 32 Mo. App. 588; Hackmon v. McGuire, 20 Mo. App. 286; Noyes v. Cunningham, 51 Mo. App. 194; Railroad v. Stock Yards Co., 120 Mo. 541; Chaney v. Insurance Co., 62 Mo. App. 45; Bowlin v. Creel, 63 Mo. App. 229; State v. Williams, 136 Mo. 293; Bank v. Metcalf, 29 Mo. App. 384; State v. McKenzie, 102 Mo. 620.

BROADDUS, P. J.—The plaintiff sues to recover for the value of his services as architect. On or about June 1, 1904, the plaintiff and defendant met according to a previous arrangement at the home of the latter. It was the purpose of defendant to erect a building on a certain lot which was shown plaintiff. Defendant, according to plaintiff's statement, asked him what kind of a building would make the best investment. That he suggested a six apartment, three-story building; that defendant then asked him what that would cost, and that he told him in the neighborhood of $10,000, that after describing what kind of building he contemplated, defendant asked him what his services would be worth, and he told him four per cent; that he then prepared preliminary plans for the building in order to show what it was to be; that in the meantime he had made such investigation as satisfied him that the cost of the structure would exceed $10,000 but if properly built the cost would be $13,500; that he then reported to defendant the information he had obtained as to the cost of the building; that defendant then suggested that they should

see a Mr. Lonsdale, a contractor; that they saw the latter who estimated the cost of the contemplated building also at $13,500, but that he could not make an accurate estimate upon the drawings as furnished, whereupon defendant said: "I guess, Mr. Kurfiss, the only thing we can do is to fit up complete drawings and specifications so we can obtain an accurate estimate;" that after this defendant suggested some alterations of the plans which would increase the cost of the building to the extent of $1,250, that defendant took the plans to another firm of contractors who estimated the cost of construction at $12,900; and that he said he would not put up one that would cost more than $10,000. After this the parties consulted in reference to a two-story flat that would not cost over $8,000, and that plaintiff had about completed the plans for the latter, when the parties disagreed. The plaintiff testified as to the value of his services.

The defendant in his statement of what occurred does not greatly differ with that of plaintiff in most particulars. He said in substance after detailing what was said of a building of the kind he wanted, that it was represented by plaintiff that its cost would not exceed $10,000; that he then said to plaintiff, viz.: "I told him then, under these conditions, that if he thought a flat could be built there, that he might make us some plans and give us an idea of what they would look like, and he said he would do that. This was the first time I talked on the subject." He further testified that after the original contract had been abandoned, he and plaintiff had some negotiations about erecting a two story flat and that plaintiff furnished plans and specifications for a building of that character, but that as the estimate for their costs was $10,000 he was not willing to pay that much to get them, but was willing to build at a cost of $8,000, but that plaintiff would not change the plans so as to bring the cost of construction

to the sum stated. And defendant further testified as follows: "And we had an understanding when we started to figure on that for the plans that, he was not to consider the first plans that he had drawn, and if we could take the second plans, he would build the house, superintend the building of the house and furnish the plans, for $125." Defendant offered to prove that he was acting not for himself, but in the capacity of agent for his wife who was the owner of the lots and that he so notified plaintiff at the beginning of the transaction, but this evidence was excluded by the court on the grounds, we suppose, judging by what was said at the time, that the evidence was not properly tendered. As the case is to be retried we suggest that defendant so form his questions that they may be free from such objection as precluded the introduction of the evidence as to such agency.

The case was submitted to a jury which returned a verdict for plaintiff in the sum of $300 upon which judgment was rendered and defendant appealed. Various errors occurring at trial are assigned by defendant among which is that of the action of the court in refusing the following instruction:

"If the jury believe and find from the evidence that the defendant employed the plaintiff to prepare plans as an architect for a building to be constructed on a vacant property, and it was agreed and understood between them at the time that said building was not to cost a sum exceeding $10,000; then the plaintiff cannot recover in the case, and your verdict should be for the defendant." The court was right in refusing to so instruct the jury, notwithstanding the plaintiff was not entitled to recover on the original contract to furnish plans and specifications for the erection of a building of the kind contemplated between the parties at and for the sum of $10,000, yet if after the defendant had been notified by plaintiff that such a building could not be

erected for said sum of money, plaintiff at the request of defendant, furnished further plans and specifications for another building to be erected at less cost, he was entitled to a reasonable compensation for such additional plans and specifications, unless they were furnished upon the understanding that they should be accepted by the defendant and that he did not so accept them.

The court of its own motion instructed the jury in general terms that if the plaintiff at the request of defendant performed services as an architect in preparing plans and specifications, he was entitled to recover their reasonable value in a sum not to exceed the amount agreed upon. This was error for the reason that the agreed contract for a specified consideration for the work was abandoned, the plaintiff not being able to perform it on his part as has been stated.

The defendant's theory of the case was that if he was liable at all it was upon an agreement, made after the first contract had been abandoned, which is set forth in the following instruction which the court gave:

"The court instructs the jury that if they believe and find from the evidence that after the abandonment of the plans for the three-story apartment flat, the defendant entered into an agreement with the plaintiff for plans relative to the construction of a two-story apartment flat, and that if plaintiff agreed with defendant to prepare the plans and specifications and superintend the construction of said two-story apartment flats for the sum of one hundred and twenty-five dollars, and that no charge would be made for the plans and specifications made for the three-story flats, then if you find for plaintiff your verdict should be in such sum not exceeding the sum of one hundred and twenty-five dollars, as you may deem such services reasonably worth." This was the correct theory of the case.

Judging by defendant's contention, he is laboring

under the supposition that the court tried the case upon the theory that although plaintiff had failed to comply with his contract in the first instance he would be entitled to recover on *quantum meruit* for the services rendered under the contract. If this supposition is true the court was in error. A party cannot recover for the reasonable value of his services rendered in cases of contracts of this kind unless he had himself complied with its terms.

Owing to the indefiniteness of the statements of the parties to this suit it was a very difficult case for the determination of the court and jury, and it has been no easy task for this court, upon the record, to arrive at a correct conclusion on the questions at issue, but we indulge in the hope that what we have said will be an efficient guide for a just determination of the cause when it shall be tried again. Reversed and remanded. All concur.